**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10535 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-02934-RCC |
| v. | |
| PABLO CARRILLO, Jr., a.k.a. Pablo Carillo, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT and GRABER, Circuit Judges.

Pablo Carrillo, Jr., appeals from the district court's judgment and challenges

the 24-month sentence imposed upon revocation of supervised release. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carrillo contends that the district court procedurally erred by failing to consider his arguments, specify the statutory sentencing factors it relied upon, and explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Carrillo's arguments and the applicable 18 U.S.C. § 3583(e) sentencing factors, and sufficiently explained its determination that the statutory maximum sentence was warranted. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Contrary to Carrillo's argument, there is no indication in the record that the court imposed the sentence to punish Carrillo for his new offense. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (district court may not impose revocation sentence to punish criminal conduct underlying the revocation).

Carrillo also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month sentence is substantively reasonable in light of the sentencing factors and the totality of the circumstances, including Carrillo's history of smuggling illegal aliens, failure to be deterred by prior prison terms, and poor performance while on supervised release. *See id.*; *Simtob*, 485 F.3d at 1062-63.

**AFFRIMED.**

16-10535